IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BEVERLY JENNETT, ) | |
| ) | |
| Plaintiff, ) | Case No: 3:14cv1288 |
| ) | |
| vs. ) | JUDGE HAYNES |
| ) | |
| THE TRAVELERS INDEMNITY ) | |
| ) | |
| Defendant ) | |

# INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted:

I.  **Jurisdiction and Venue**: The Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Jurisdiction is not disputed. Venue in the Middle District of Tennessee is not in dispute.

II. **Parties' Theories of the Case.**

A. **Plaintiff's Theory of the Case**: The Plaintiff is a homeowner who purchased a homeowner's insurance policy ("Policy") from Defendant. The Plaintiff made a claim under her Policy for sinkhole damage to her home. Defendant denied that damage to the home was the result of sinkhole activity. As a consequence, Defendant denied the claim. Tenn. Code Ann. § 56-7-130 provides that coverage must be made available for sinkhole activity and provides the minimum standards of investigating a sinkhole claim. Coverage was denied to this Plaintiff, and the Defendant did not meet these minimum standards before denying the claim.

The Defendant has breached the Policy by failing to pay all benefits due under the Policy. Additionally, Defendant did not handle the claim in good faith.

**B.     Defendant's Theory of the Case**: The Defendant admits that it issued a policy of insurance to Plaintiff that was in effect at the time the Plaintiff alleged that her property was damaged as a result of sinkhole activity. Defendant also admits that it sent a professional engineer to Plaintiff's property and that the engineer determined that there was damage to the Plaintiff's home, but that the damage was not caused by sinkhole activity.

**III.    Schedule of Pretrial Proceedings.**

**A.     Rule 26 (a) (1) Disclosures.** The parties shall make their Rule 26 (a) (1) (A) through (E) disclosures within 30 days from the date of the initial case management conference.

**B.     Meeting of Counsel and Parties to Discuss Settlement Prospects.** Ninety days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believe that one of the Alternative Dispute Resolution (ADR) procedures under the Local Rules would further assist the parties in resolving this matter.

**C.     Other Pretrial Discovery Matters.** As determined at the case management conference on August 11, 2014, this action is set for jury trial on December, 2015 at 9:00 a.m.

If this action is to be settled, the Law Clerk shall be notified by noon on _12/11/15_. If the settlement is reached thereafter resulting in the nonutilization of the jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held _November 23, 2015_ at _3:00 pm_. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on May 1, 2015. All written discovery shall be submitted in sufficient time so that the response shall be in hand by May 1, 2015. All discovery-related motions shall be filed by the close of business on May 8, 2015. No motions related to discovery or for a protective order shall be filed until the parties have conducted a telephone conference with the Magistrate Judge about the matter. If after the conference, motions are necessary the parties will meet to see if they can resolve the issue and they must prepare a jointly signed discovery/protective order dispute statement setting forth precisely the remaining issues in dispute and the reasons why these issues remain unresolved.

All dispositive motions[1] and *Daubert* motions shall be filed by the close of business on June 1, 2015, and any responses thereto shall be filed by the close of business on July 1, 2015. Any reply, if allowed by the court will be limited to 5 pages and shall be filed by the close of business on July 8, 2015.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the

---

[1] No memorandum in support of or in opposition to any motion shall exceed 20 pages. No reply shall be filed to any response unless invited by the Court.
[2] Strict Compliance is required to Rule 8 (b) (7), Local Rules of Court (effective March 1, 1994) relating to motions for summary judgment.

– 3 –

time for discovery. No amendments shall be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery, pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to 60 such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court, shall govern.

By the close of business on February 2, 2015, Plaintiff shall declare to the Defendant (<u>not</u> to be filed with the Court) the identity of her expert witnesses and provide all the information specified in Rule 26 (a) (2) (B).

By the close of business on March 4, 2015, Defendant shall declare to the Plaintiff (<u>not</u> to be filed with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26 (a) (2) (B).

Any supplements to expert reports shall be filed by the close of business on April 4, 2015. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26 (a) (2) (B), Federal Rules of Civil Procedure, is considered to be the expert's direct examination testimony at trial. If an expert

expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26 (a) (2), to enable the parties to evaluate any *Daubert* challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39 (c) (6) (c) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

**ENTERED** August _17th_, 2014

**WILLIAM J. HAYNES, JR.**
United States District Judge

- 5 -
Case 3:14-cv-01288   Document 7   Filed 08/08/14   Page 5 of 6 PageID #: 63